**Dan GOODRICK, Plaintiff—Appellant,**

v.

**Dan COPELAND; et al., Defendants—Appellees.**

No. 04–35956.

D.C. No. CV–04–0455–C–EJL.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Dan Goodrick, Orofino, ID, pro se.

Before CANBY, BEEZER, and KOZINSKI, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM****

Dan Goodrick, an Idaho state prisoner, appeals pro se from the district court's judgment dismissing, under the Prison Litigation and Reform Act, his 42 U.S.C. § 1983 action alleging prison officials violated the Fourteenth Amendment and the Full Faith and Credit Clause by allowing haircuts to be performed within approximately ten feet of his cell, in violation of state hygiene laws. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

The district court properly construed Goodrick's due process claims as allegations that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. *See Sandin v. Conner*, 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Goodrick's complaint failed to allege that the haircutting created a risk of objectively serious injury or that the defendants acted with deliberate indifference by permitting the haircutting to occur near Goodrick's cell without a partition wall. Consequently, he failed to state a claim for an Eighth Amendment violation. *See Clement v. Gomez*, 298 F.3d 898, 904–05 (9th Cir.2002).

Goodrick's remaining contentions lack merit.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.